91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Norman BRATTON, Defendant-Appellant.
 No. 95-30280.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1996.*
Decided July 10, 1996.
 
 1
 Before: GOODWIN and BRUNETTI, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 James Norman Bratton appeals the district court's denial of his motion to dismiss the indictment. Bratton contends that the Double Jeopardy Clause precludes his criminal prosecution because the state of Oregon had previously forfeited property in state civil forfeiture proceedings. We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1291 and the collateral order exception to the final judgment rule. Abney v. United States, 431 U.S. 651, 659 (1977). We affirm.
 
 
 4
 "[I]n rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, Nos. 95-345, 95-346, 1996 WL 340815, at * 16 (U.S. June 24, 1996). The district court did not err in denying Bratton's motion to dismiss the indictment.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Samuel P. King, Senior United States District Judge for the District of Hawaii sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3